# UNITED STATES BANKRUPTCY COURT
## Eastern District of California
**Robert E. Coyle United States Courthouse**
**2500 Tulare Street, Suite 2501**
**Fresno, CA 93721–1318**

(559) 499–5800
www.caeb.uscourts.gov
M–F 9:00 AM – 4:00 PM



## ORDER SETTING CHAPTER 12 STATUS CONFERENCE

**Case Number:** 25–10074 – A – 12
**Docket Control Number:** CAE–1
(Docket Control number CAE–1 must be used on all status conference reports, and for original and continued hearings in this case.)

**Debtor Name(s) and Address(es):**

Capital Farms, Inc
 15555 S Brawley Ave
 Caruthers, CA 93609

To the above–named Debtor(s), to their attorney of record, to Lilian G. Tsang, Chapter 12 Trustee, and to all parties in interest:

**IT IS HEREBY ORDERED AND NOTICE IS HEREBY GIVEN** that a status conference shall be set for hearing on 2/26/25 at 09:30 AM at United States Courthouse, Courtroom 11, 5th Floor, Robert E. Coyle United States Courthouse, 2500 Tulare Street, Fresno, CA.

At the status conference, the parties shall be prepared to report on and address any issue affecting administration of the bankruptcy case including, but not limited to the following:

1. The use of cash collateral and the status of any related stipulations and motions.

2. Administrative solvency of the estate, including identification and treatment of the potential professional fees and § 503(b)(9) administrative claims.

3. Motions to value collateral that need to be adjudicated before a plan can be confirmed.

4. Potential claim objections that need to be adjudicated before a plan can be confirmed, such as tax claims.

5. Motions for relief from stay which are pending or which have already been acted upon.

6. Motions under Bankruptcy Code § 365(d)(3) or (4) which are pending, or which have already been acted upon.

7. The status of any stipulations or motions for the obtaining of credit.

8. Whether the proper employment of professionals has been accomplished.

9. Any pending motions by or against the Debtor(s) to convert or dismiss the Chapter 12 case.

10. Debtor's intention concerning a plan of reorganization and a proposed schedule for confirmation.

     The court also intends to review the issue of Chapter 12 eligibility. Before the court can confirm a Chapter 12 plan, the court must make a finding that the plan complies with the provisions of Chapter 12 and the other applicable provisions of the Bankruptcy Code. 11 U.S.C. § 1225(a)(1). One of those provisions is 11 U.S.C. § 101(18), which defines who is a "family farmer" eligible for relief under Chapter 12. Eligibility is a necessary requirement to confirmation of a Chapter 12 plan under § 1225(a)(1). In re Garako Farms, Inc., 98 B.R. 506, 508 (Bankr. E.D. Cal. 1988). The Debtor has the burden of proof to convince the court that the requirements of § 1225 have been met. Id. at 509.

     On or before 2/19/25, the Debtor(s) shall file and serve on the Chapter 12 Trustee a status report together with evidence and legal authority to establish that these Debtor(s) are a "family farmer" as that term is defined in § 101(18)(A). Said evidence shall include, but not be limited to, documentation which illustrates the nature of and parties to each of the farm related secured debts listed in Schedule D. The parties shall also file and serve evidence to show the terms of any partnership agreements, real property leases, crop sharing agreements or other documents which tend to show who owns and operates the farming operation of the Debtors' property. The Trustee is invited to file his report and analysis regarding the issue of eligibility.

     **IT IS FURTHER ORDERED**, the debtor–in–possession shall prepare, file, and serve Monthly Operating Reports as required by LBR 2015–1 using the form found on the court's website.

     **NOTICE IS HEREBY GIVEN**, that the court may, *sua sponte*, at the status conference, order the case dismissed or converted to Chapter 7 for cause if appropriate. At the request of the Debtor(s), the court may convert the case to Chapter 13 or 11.

Dated:   1/15/25            For the Court,
                                      Wayne Blackwelder , Clerk