6

Fear Waddell, PC
Peter L. Fear, No. 207238
pfear@fearlaw.com
Gabriel J. Waddell, No. 256289
gwaddell@fearlaw.com
Peter A. Sauer, No. 255957
psauer@fearlaw.com
7650 North Palm Avenue, Suite 101
Fresno, California 93711
(559) 436-6575
(559) 436-6580 (fax)

Attorney for CAPITAL FARMS, INC.,
 Debtors

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| In re: | Case No. 25-10074-A-12 |
| CAPITAL FARMS, INC. | Chapter 12 |
| Debtor. | D.C. No. CAE-1 |
| | <u>Status Conference</u> |
| | Date: February 26, 2025<br>Time: 9:30 a.m.<br>Place: Dept. B, Courtroom 11, 5th Floor<br>        United States Courthouse<br>        2500 Tulare St., Fresno, California<br>Judge: Hon. Jennifer E. Niemann |

**DEBTOR'S STATUS REPORT REGARDING CHAPTER 12 ELIGIBILITLY**

DEBTOR CAPITAL FARMS, INC., (hereinafter "Debtor"), hereby submit the Status Report pursuant to the Order Setting Chapter 12 Status Conference by the Clerk, entered on January 15, 2025 (Dkt. No. 13), to be held on the above date at the above time and place.

1. <u>Availability of Relief Under Chapter 12</u>: "Only a family farmer with regular income may be a debtor under Chapter 12 of this title." 11 U.S.C. § 109(f). The term "family farmer" means, *inter alia*, an individual or individual and spouse engaged in a farming operation...." 11 U.S.C. § 101(18)

2. <u>Farming Operations</u>: "'[F]arming operation' includes farming, tillage of the soil ... production or raising of crops ... in an unmanufactured state." 11 U.S.C. § 101(21)."

3. Courts must construe this definition "liberally in order to further Congress' purpose of helping family farmers to continue farming." See <u>In re Buckingham</u>, 197 B.R. 97, 103 (Bankr. D. Mont.1996), citing <u>Watford v. Federal Land Bank of Columbia</u> (<u>In re Watford</u>), 898 F.2d 1525, 1527 (11th Cir.1990).

4. Likewise, in addressing the definition of a family farmer, courts within the Ninth Circuit have held that "help[ing] 'family farmers *continue* farming' " served as the primary purpose behind Congress' adoption of Chapter 12" (emphasis in original). <u>In re Indreland</u>, 77 B.R. 268, 270 (Bankr.D.Mont.1987) (quoting with approval <u>In re Tart</u>, 73 B.R. 78, 81 (Bankr.E.D.N.C.1987)).

5. In interpreting the term "farming operation", courts have generally applied a "broad or liberal construction." <u>In re Sugar Pine Ranch,</u> 100 B.R. 28, 31 (Bankr.D.Ore.1989), citing <u>In re Maike</u>, 77 B.R. 832 (Bankr.D.Kan.1987), <u>In re Blanton Smith Corporation,</u> 7 B.R. 410 (Bankr.M.D.Tenn.1980).

6. Debtor estimates its assets totaled $4,747,775.68 as of the time of the filing of the petition. Debtor's schedule A/B discloses the following property and their values used by Debtor in its farming operation, primarily for almond farming:

    a. Lines 3.1 – 3.3 reflecting cash in the amount of $1,251.93

    b. Line 28:

1           i. Approximately 18,797 lbs. of almond crops off the Jameson Ranch valued at $42,293.25;

          ii. Approximately 444,199 lbs. of almond crops from the Brawley Ranch valued at $999,447.75;

          iii. Approximately 744,877 lbs. of almond crops from various ranches valued at $1,675,973.25; and

          iv. Approximately 154,668 lbs. of almond crops from various ranches valued at $348,003.00.

    c. Line 30 various farm equipment valued at $1,081,000.00;

    d. Line 47.1 a 2017 Ram 1500 Crew Laramie bearing VIN 1C6RR7NM5HS877169 valued at $8,471

    e. Line 47.2 a 2016 Ram 2500 Crew cab bearing VIN 3C6UR4CL6GG221572 valued at $13,487;

    f. Line 47.3 a 2020 Chevrolet Silverado 1500 bearing VIN 3GCUYHET5LG403144 valued at $23,880;

    g. Line 48.1 a 2005 Korvan Grape Harvester valued at $50,000;

    h. Line 48.2 a 2022 Kubota RTV-X900RL-A valued at $12,000;

    i. Line 50 a 2022 Kubota RTV-X9000WL-A valued at $12,000;

    j. Line 73, two crop insurance claims in the amounts of $209,998.50 and $307,970.00

7. All told, 100% of the value of Debtor's assets used in its farming operations is are used for its farming operations, and therefore Debtor asserts it is engaged in farming operations.

8. <u>"Family Farmer:"</u> In addition to engaging in "farming operations" a "family farmer" under 11 U.S.C. 101(18)(A) must have (i) aggregate debts which do not exceed $11,097,350; (ii) not less than 50 percent of aggregate noncontingent, liquidated debts arising out of farming operations; and (iii) at least 50 percent of gross income for either (a) the taxable year preceding; or (b) each of the 2nd and 3rd taxable years preceding, from those farming operations.

9. The Debtor qualifies as a "family farmer" because:

   a. Debtor's aggregate debts are $7,782,025.00 and therefore do not exceed the statutorily prescribed maximum of $11,097,350. See Form 106Sum Part 2 (Dkt. No. 1).

   b. The following debt arises out of Debtor's farming operations:

      i. All of the <u>secured debt</u> set forth on Schedule D, which consists of a total of $6,515,689.48, is farm related.

      ii. All of the <u>unsecured debt</u> set forth on Schedule E/F, which consists of a total of $1,266,335.52, is farm related.

      iii. Since more than 50% of Debtor's aggregated noncontingent, liquidated debts arise out of Debtor's farming operations, this factor is met.

   c. Debtor has not yet filed tax returns for 2024. However, its total gross farm income was $2,912,802 in 2024, and its total gross harvest income was only $165,019. Because at least 50% of the Debtor's aggregate income for the taxable year preceding the filing was derived from farming operations, Debtor qualifies as a "family farmer."

10. Debtor has not entered into any partnership agreements or crop sharing agreements with any third party other than as disclosed hereinbelow. A portion of Debtor's income comes from renting real property as follows:

    a. H&J Management Services by Assignment of Crop Proceeds dated December 23, 2024, for the Brawley Ranch 280+ acres;

    b. H&J Management Services by Assignment of Crop Proceeds dated December 23, 2024, for the Jamison Ranch 152.49+ acres;

    c. H&J Management Services by Assignment of Crop Proceeds dated December 23, 2024, for the Sankey Ranch 230+ acres;

    d. AKT Brewer 315 Crops Share Farming Lease dated July 8, 2015, for the Brewer Ranch 315 acres;

    e. Sutter Land LLC Agricultural Lease dated November 1, 2023, for the Brawley Ranch 277+ acres;

    f. Sutter Land LLC Agricultural Lease dated January 10, 2020, for the Sankey Ranch 238+ acres;

    g. Sutter Land LLC Agricultural Lease dated January 10, 2022, for the Natomas Ranch 158+ acres;

    h. Sukhwant S. Gill Agricultural Lease dated June 24, 2022, for the Jameson Ranch 152+ acres;

    i. Sutter Land LLC Agricultural Sub-Lease dated July 1, 2020, for the Baseline Ranch 157+ acres;

11. Debtor satisfies the three elements which define a "family farmer" under 11 U.S.C. § 101(18), and is eligible for relief under Chapter 12 of the Bankruptcy Code.

Date: February 19, 2025  FEAR WADDELL, P.C.

By: /s/ Peter L. Fear
PETER L. FEAR