5

FEAR WADDELL, P.C.
Peter L. Fear, No. 207238
pfear@fearlaw.com
Gabriel J. Waddell, No. 256289
gwaddell@fearlaw.com
Peter A. Sauer, No. 255957
psauer@fearlaw.com
7650 North Palm Avenue, Suite 101
Fresno, California 93711
(559) 436-6575
(559) 436-6580 (fax)

Attorney for CAPITAL FARMS, INC.,
  Debtor in Possession

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| In re: | Case No. 25-10074-A-12 |
| CAPITAL FARMS, INC., | Chapter 12 |
| | D.C. No. FW-5 |
| Debtor and Debtor-in-Possession. | Date: March 6, 2025<br>Time: 10:30 a.m.<br>Place: Dept. A, Courtroom 11, 5th Floor<br>      United States Courthouse<br>      2500 Tulare St., Fresno, California<br>Judge: Hon. Jennifer E. Niemann |

**DEBTOR'S MOTION FOR ORDER AUTHORIZING EMPLOYMENT OF CHIEF RESTRUCTURING OFFICER PURSUANT TO 11 U.S.C. §363(b)**

CAPITAL FARMS, INC., Debtor and Debtor in Possession herein ("Debtor"), hereby submits the Motion for Order Authorizing Employment of Chief Restructuring Officer Pursuant to 11 U.S.C. §363(b) ("Application"). In support of the same, Debtor respectively represents the following:

PAGE 1

1. This case was commenced by the filing of a Voluntary Petition for relief under Chapter 12 of the United States Bankruptcy Code on January 10, 2025. Lilian G. Tsang has been appointed as the Chapter 12 trustee in the case.

2. In negotiations with Debtor's secured lenders ("Lenders"), the Lenders have indicated that they believe the oversight of a third party Chief Restructuring Officer would be helpful to ensure that all secured creditors are adequately protected for Debtor's use of cash collateral. To that end, Debtor has agreed with Rabo to hire Scott Sackett as Chief Restructuring Officer ("CRO") in this case. The duties of the CRO will include the following:

   a. Assist Debtor in preparing its budgets, forecasts, Monthly Operating Reports, and variance reports.

   b. Have access to all of the bank accounts of Debtor, and review and approve in advance all checks, wires, or cash withdrawals.

   c. Review and analyze all existing agreements with the Crop Processors, and determine whether any such agreements should be modified or new agreements entered into.

   d. Periodically review the Debtor's expenditures throughout each month to ascertain that they conform with the Budget, and submit a verification with each Monthly Operating Report that the expenditures for the past month did or did not conform with the Budget.

   e. Within two weeks of retention, report to the Lenders as to certain items details in a cash collateral stipulation.

   f. Within sixty (60) calendar days of retention, audit the amount of almonds generated from the Debtor's ranches for 2023 and 2024, the proceeds and advances received,

and the use of the proceeds and advances, whether such almonds were delivered in the name of the Debtor, United Farm LLC, or H & J Management.

g. Review all labor expenditure information including worker identity, hours worked, wages, and overhead charges.

h. Review chemical application formulations, amounts, costs, and timing.

i. Review the chemical applications that took place in 2024 and prior to my employment in 2025.

j. Provide on-site supervision of harvest operations, specifically including the loading of trailers and the generation of field tickets and the review of all hauling and hulling contracts and reports as well as all processor contracts.

k. Review any contracts for custom services.

l. Review all crop insurance policies, claims, and payouts.

m. Be available to Lenders from time to time to discuss inquiries from Lenders and answer questions regarding Cash Collateral use, budgeting, expenses, Monthly Operating Reports, variance reports, and forecasts.

3.  Included herewith as Exhibit A is a proposed CRO employment agreement.

4.  As noted in this agreement, Mr. Sackett has agreed to be compensated on an hourly basis for his firm's work for the Debtor. Mr. Sackett's hourly rate is $300 per hour. His field agents have rates of $175 per hour and administrative staff have rates of $75 per hour. In addition, he has requested an allowance of up to $2,500 per month for legal costs. He has also requested a $10,000.00 retainer. As noted in the agreement, he will send the Debtor periodic invoices for services rendered and charges and disbursements incurred. Upon transmittal of the invoice, his firm may (at its option) immediately draw upon the retainer in the amount of the invoice. Debtor agrees that invoices are due upon receipt, and will promptly pay the full invoice

amount and replenish the retainer. Subject to having available funds in the cash collateral budget, Debtor has agreed to immediately replenish the retainer upon receipt of invoices from Mr. Sackett's firm. I understand that Debtor will have to obtain court approval of payment of such retainers as cash collateral. Mr. Sackett's fees and costs will ultimately be subject to approval by the Bankruptcy Court and any disallowed fees and costs may be subject to disgorgement.

### POINTS AND AUTHORITIES

5. Bankruptcy Code § 363(b) provides, in part, that a debtor-in-possession "after notice and hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." In determining whether to authorize a debtor's proposed use of their assets pursuant to Section 363(b) of the Bankruptcy Code, "courts require the debtor to show that a sound business purpose justifies such actions." Myers v. Martin (In re Martin), 91 F.3d 389, 395 (3d Cir. 1996); In re Schipper, 933 F.2d 513, 515 (7th Cir. 1990); Stephens Indusl, Inc. v. McClung, 789 F.2d 386, 390 (6th Cir. 1986); Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1070 (2d Cir. 1983); see also In re Montgomery Ward Holding Corp., 242 B.R. 147, 53 (Bankr. D. Del. 1999); In re Del. & Hudson Ry. Co., 124 B.R. 169, 176 (D. Del. 1991). Moreover, Bankruptcy Code § 105(a) empowers the Court to "issue any order, process, or judgment that is necessary to carry out the provisions of this title."

6. The retention of an officer or consultant is proper under Bankruptcy Code § 363(b) as an appropriate exercise of a debtor's business judgment. Indeed, numerous courts approved the retention of professionals to perform management services under Bankruptcy Code § 363(b). See, e.g., In re Nine W. Holdings, Inc., 588 B.R. 678, 692 (Bankr. S.D.N.Y. 2018) (debtor was authorized to retain interim CEO under Section 363); In re Genever

Holdings, LLC, 2021 WL 2919826 (Bankr. S.D.N.Y. 2021) (grounds existed to approve retention of officer similar to Chief Restructuring Officer under Section 363, even though it was not approved due to legal counsel issue); In re California Independent Petroleum Association, 2022 WL 162439 (Bankr. E.D. Cal. 2022) (debtor was authorized to retain consultant under Section 363); In re In re Pilgrim's Pride Corp., 401 B.R. 229, 238 n. 16 (Bankr. N.D. Tex. 2009); In re Copenhaver, Inc., 506 B.R. 757, 764-65 (Bankr. C.D. Ill. 2014); In re Scoobeez, Case No. 19-14989 (Bankr. C.D. Cal. 2019); In re S.B. Restaurant Co., Case No. 14-13778 (Bankr. C.D. Cal. 2014); In re Westcliff Medical Laboratories, Inc., Case No. 10-16743 (Bankr. C.D. Cal. 2010); In re Fatburger Restaurants of California, Inc., Case No. 09-13965 (Bankr. C.D. Cal. 2011); see also In re Fairfield Residential LLC, Case No. 09-14378 (Bankr. D. Del. 2010); In re The Holliston Mill, Inc., Case No. 07-10687 (Bankr. D. Del. 2007).

7. In this case, Lenders have requested that Debtor hire Mr. Sackett to serve as Chief Restructuring Officer to assist Debtor with the management of its farming operation. Debtor has agreed to hire Mr. Sackett and request that the Court approve use of property of the estate for that purpose. Concurrently, Debtor is seeking authorization to use cash collateral for the purpose of retaining Mr. Sackett in this role.

WHEREFORE, Debtor prays for an order authorizing the employment of Scott Sackett as Chief Restructuring Officer pursuant to 11 U.S.C. § 363(b), on the terms and for the performance of the services herein above set out.

Date: February 24, 2025         FEAR WADDELL, P.C.

By:  /s/ Peter L. Fear
PETER L. FEAR

MOTION TO APPROVE EMPLOYMENT – PAGE 5