FEAR WADDELL, P.C.
Peter L. Fear, No. 207238
pfear@fearlaw.com
Gabriel J. Waddell, No. 256289
gwaddell@fearlaw.com
Peter A. Sauer, No. 255957
psauer@fearlaw.com
7650 North Palm Avenue, Suite 101
Fresno, California 93711
(559) 436-6575
(559) 436-6580 (fax)

Attorney for CAPITAL FARMS, INC.
 Debtor in Possession

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>CAPITAL FARMS, INC.,<br><br><br><br>Debtor and Debtor-in-Possession. | Case No. 25-10074-A-12<br><br>Chapter 12<br><br>D.C. No. FW-5<br><br>Date: March 6, 2025<br>Time: 10:30 a.m.<br>Place: Dept. A, Courtroom 11, 5th Floor<br>United States Courthouse<br>2500 Tulare St., Fresno, California<br>Judge: Hon. Jennifer E. Niemann |

**DECLARATION OF SCOTT SACKETT IN SUPPORT OF DEBTOR'S MOTION FOR ORDER AUTHORIZING EMPLOYMENT OF CHIEF RESTRUCTURING OFFICER PURSUANT TO 11 U.S.C. §363(b)**

I, SCOTT SACKETT, declare as follows:

1. I am the proposed Chief Restructuring Officer Pursuant to 11 U.S.C. §363(b) in the case of Capital Farms, Inc. Case No. 25-10074-A-12. I am the President of Fiduciary Management Technologies, Inc. and, if called as a witness, I could and would competently

- 1 -

1 testify to the matters set forth in this statement from my or personal knowledge, unless otherwise
2 stated.

3     2.    Since 2002, I have served as a state court Receiver in scores of cases. I also have
4 served as Chapter 11 Examiner, Chapter 11 Trustee, Special Master, Partition Referee, and
5 Claims Administrator. I have written and lectured about receivership practice, and I am a past
6 Chair and current board member of the California Receivers Forum. I am also a Member of the
7 California Bankruptcy Forum and National Association of Federal Equity Receivers.

8     3.    As a court appointed receiver I have overseen the operation of many different
9 types of businesses, including, farming operations, materials and equipment manufacturers,
10 apartment complexes, law firms, accounting firms, construction companies, fast food
11 franchises, land development companies, restaurants, retail shopping centers, convenience
12 stores, a gas station, a golf course, a car wash, an oil service facility, and a truck stop.

13     4.    I am currently serving as Receiver for a matter in Kern County Superior Court
14 involving the oversite of a 158-acre almond orchard. My duties as Receiver in Superior Court
15 are very similar to those anticipated in my role as Chief Restructuring Officer, including
16 preparing farm operation budgets, managing operations in adherence with those budgets,
17 overseeing and working with a farm management team to protect and preserve the almond
18 orchard and its 2025 crop through harvest and beyond.

19     5.    I am currently serving as Chapter 11 Examiner with Expanded Powers for a
20 matter in the United States Bankruptcy Court, Central District of California, Santa Ana Division
21 involving the oversite of 568 acres of almond orchards. My duties as Chapter 11 Examiner with
22 Expanded Powers are very similar to those anticipated in my role as Chief Restructuring
23 Officer, including preparing farm operation budgets, forecasts, Monthly Operating Reports,
24

1 variance reports, managing operations in adherence with those budgets, and working with a
2 farm management team to protect and preserve the almond orchard and its 2025 crop through
3 harvest and beyond.

4     6.    My prior experience as appointed Chapter 11 Trustee and Plan Administrator
5 includes:

6     a.  In re Aiad & Hoda Samuel, case no. 16-21585: I was appointed Chapter 11
7 Bankruptcy Trustee to take possession, control and management of a large
8 real estate portfolio operated by uncooperative and combative debtors, one of
9 which is incarcerated in a federal prison for crimes associated with mortgage
10 fraud. The Portfolio consisted of 4 distressed shopping centers, 7 single
11 family homes and 14 unimproved parcels. I worked closely with creditors and
12 the United States Attorney's Office with regard to operating budgets, sales,
13 reorganization plans and appeals. Starting with no funds, I oversaw all
14 business operations associated with the shopping centers and homes;
15 successfully cleared several of the properties of numerous code violations;
16 cleaned up, marketed and sold four shopping centers, collecting $11,000,000
17 for the estate. I utilized proceeds to implement a plan of liquidation to fully
18 pay all secured and unsecured creditors and a restitution judgement owed to
19 the United States while re-vesting an additional $2,991,900 in assets to the
20 Debtors. As Plan Administrator, I implemented the requirements of the plan
21 through extensive Debtor initiated litigation and ultimately returned
22 additional surplus funds to the Debtors once the case is completed.

23
24

Declaration in Support of Motion to Employ (etc.) - 3

b. In re Rishi and Mooni, LP, case no. 11-45845-C-11: I was appointed as Chapter 11 Bankruptcy Trustee to take possession and control and management of three substandard apartment complexes totaling 263 units. I oversaw all business operations, successfully cleared complexes of violations received as result of County substandard housing inspection processes. I maintained 90% occupancy levels, worked with creditors and debtors with regard to operating budgets, sales and reorganization plans, and reported to the Federal Court throughout the Chapter 11 Bankruptcy Process.

7. I have an Engineering Degree from the University of California at Berkeley and have developed financial accounting software for use by fiduciaries in the management and administration of receiverships, bankruptcies, assignments for the benefit of creditors, conservatorships, trusts, and other financial administration matters.

8. I have been appointed as receiver in the state court case known as Rabo Agrifinance LLC v. Sutter Land, LLC, et al., Case No. 24CECG05217 (the "State Court Litigation"). The Debtor, Capital Farms, Inc., is one of the defendants in that litigation.

9. In the course of negotiations between Debtor and Debtor's secured lenders ("Lenders"), the Lenders have requested that Debtor employ a Chief Restructuring Officer ("CRO") to oversee certain aspects of Debtor's reorganization efforts, and that I serve in that role. Debtor has agreed to hire me to serve as CRO.

10. To that end, I have agreed to resign as receiver in the State Court Litigation and anticipate that I will my resignation will be effective shortly. In any event, I understand that the order providing for my employment in this case will not be effective until I have resigned from my role in the State Court Litigation.

Declaration in Support of Motion to Employ (etc.) - 4

11. Debtor will not owe me any fees directly for my services in the State Court Litigation, although such fees may be added to the amount charged by the Plaintiff in that case.

12. Other than serving as a receiver in the State Court Litigation, I have no other connections with the Debtor, Debtor's insiders, Debtor's creditors, or any other interested in party in this case.

13. The duties of the CRO will include the following:

  a. Assist Debtor in preparing its budgets, forecasts, Monthly Operating Reports, and variance reports.

  b. Have access to all of the bank accounts of Debtor, and review and approve in advance all checks, wires, or cash withdrawals.

  c. Review and analyze all existing agreements with the Crop Processors, and determine whether any such agreements should be modified or new agreements entered into.

  d. Periodically review the Debtor's expenditures throughout each month to ascertain that they conform with the Budget, and submit a verification with each Monthly Operating Report that the expenditures for the past month did or did not conform with the Budget.

  e. Within two weeks of retention, report to the Lenders as to certain items details in a cash collateral stipulation.

  f. Within sixty (60) calendar days of retention, audit the amount of almonds generated from the Debtor's ranches for 2023 and 2024, the proceeds and advances received, and the use of the proceeds and advances, whether such almonds were delivered in the name of the Debtor, United Farm LLC, or H & J Management.

      g. Review all labor expenditure information including worker identity, hours worked, wages, and overhead charges.

      h. Review chemical application formulations, amounts, costs, and timing.

      i. Review the chemical applications that took place in 2024 and prior to my employment in 2025.

      j. Provide on-site supervision of harvest operations, specifically including the loading of trailers and the generation of field tickets and the review of all hauling and hulling contracts and reports as well as all processor contracts.

      k. Review any contracts for custom services.

      l. Review all crop insurance policies, claims, and payouts.

      m. Be available to Lenders from time to time to discuss inquiries from Lenders and answer questions regarding Cash Collateral use, budgeting, expenses, Monthly Operating Reports, variance reports, and forecasts.

    14. Included herewith as Exhibit A is my proposed employment agreement. As noted in this agreement, I have agreed to be compensated on an hourly basis for my work for the Debtor. My hourly rate is $300 per hour. My field agents have rates of $175 per hour and administrative staff have rates of $75 per hour. In addition, I have requested an allowance of up to $2,500 per month for legal costs. I have also requested that I be provided with a $10,000.00 retainer. As noted in the agreement, I will send the Debtor periodic invoices for services rendered and charges and disbursements incurred. Upon transmittal of the invoice, my firm may (at its option) immediately draw upon the retainer in the amount of the invoice. Subject to having available funds in the cash collateral budget, Debtor has agreed to immediately replenish the retainer upon receipt of invoices from my firm. I understand that Debtor will have to obtain court

approval of payment of such retainers as cash collateral, and once I am serving as CRO, I will assist the Debtor in this function. I also understand that my fees and costs will ultimately be subject to approval by the Bankruptcy Court and any disallowed fees and costs may be subject to disgorgement.

I declare under penalty of perjury that the foregoing statements are true and correct and that if called as a witness herein I could and would competently testify thereto, and that this declaration was executed on 2/21/2025, at Walnut Grove, California.

_____
SCOTT SACKETT

Declaration in Support of Motion to Employ (etc.) - 7