FEAR WADDELL, P.C.
Peter L. Fear, No. 207238
pfear@fearlaw.com
Gabriel J. Waddell, No. 256289
gwaddell@fearlaw.com
Peter A. Sauer, No. 255957
psauer@fearlaw.com
7650 North Palm Avenue, Suite 101
Fresno, California 93711
(559) 436-6575
(559) 436-6580 (fax)

Attorney for CAPITAL FARMS, INC.
  Debtor in Possession

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>CAPITAL FARMS, INC.,<br><br><br>Debtor and Debtor-in-Possession. | Case No. 25-10074-A-12<br><br>Chapter 12<br><br>D.C. No. FW-5<br><br>Date: March 6, 2025<br>Time: 10:30 a.m.<br>Place: Dept. A, Courtroom 11, 5th Floor<br>      United States Courthouse<br>      2500 Tulare St., Fresno, California<br>Judge: Hon. Jennifer E. Niemann |

**DECLARATION OF SHAWN GILL IN SUPPORT OF DEBTOR'S MOTION FOR ORDER AUTHORIZING EMPLOYMENT OF CHIEF RESTRUCTURING OFFICER PURSUANT TO 11 U.S.C. §363(b)**

I, SHAWN GILL, declare as follows:

1. I am the president of Capital Farms, Inc., Debtor and Debtor-in-Possession in the above-captioned bankruptcy matter. My full name is Sukhwant Singh Gill, but I usually go by Shawn Gill.

2. I make this Declaration in support of the Motion for Order Authorizing Employment of Chief Restructuring Officer. Unless otherwise indicated, all statements in this Declaration are based on my personal knowledge, my review of relevant personal documents, or my opinion.

3. In the course of negotiations between Debtor and Debtor's secured lenders ("Lenders"), the Lenders have requested that Debtor employ a Chief Restructuring Officer ("CRO") to oversee certain aspects of Debtor's reorganization efforts. While I do not believe that a CRO is necessary, Debtor has agreed to the Lenders' request to hire a CRO and to employ Scott Sackett for that purpose.

4. The duties of the CRO will include the following:

　a. Assist Debtor in preparing its budgets, forecasts, Monthly Operating Reports, and variance reports.

　b. Have access to all of the bank accounts of Debtor, and review and approve in advance all checks, wires, or cash withdrawals.

　c. Review and analyze all existing agreements with the Crop Processors, and determine whether any such agreements should be modified or new agreements entered into.

　d. Periodically review the Debtor's expenditures throughout each month to ascertain that they conform with the Budget, and submit a verification with each Monthly Operating Report that the expenditures for the past month did or did not conform with the Budget.

　e. Within two weeks of retention, report to the Lenders as to certain items details in a cash collateral stipulation.

    f. Within sixty (60) calendar days of retention, audit the amount of almonds generated from the Debtor's ranches for 2023 and 2024, the proceeds and advances received, and the use of the proceeds and advances, whether such almonds were delivered in the name of the Debtor, United Farm LLC, or H & J Management.

    g. Review all labor expenditure information including worker identity, hours worked, wages, and overhead charges.

    h. Review chemical application formulations, amounts, costs, and timing.

    i. Review the chemical applications that took place in 2024 and prior to my employment in 2025.

    j. Provide on-site supervision of harvest operations, specifically including the loading of trailers and the generation of field tickets and the review of all hauling and hulling contracts and reports as well as all processor contracts.

    k. Review any contracts for custom services.

    l. Review all crop insurance policies, claims, and payouts.

    m. Be available to Lenders from time to time to discuss inquiries from Lenders and answer questions regarding Cash Collateral use, budgeting, expenses, Monthly Operating Reports, variance reports, and forecasts.

5. Included herewith as Exhibit A is the proposed employment agreement. As noted in the employment agreement, Mr. Sackett is requesting a retainer of $10,000.00 and in our most recently-filed cash collateral budget, we are asking for authorization to use $10,000.00 of cash collateral to fund this retainer.

1     I declare under penalty of perjury that the foregoing statements are true and correct and
2 that if called as a witness herein I could and would competently testify thereto, and that this
3 declaration was executed on 2-21-25, at FRESNO, California.

*/s/ Shawn Gill*
SHAWN GILL