THOMAS G. MOUZES (SBN 099446)
**BOUTIN JONES INC.**
Attorneys at Law
555 Capitol Mall, Suite 1500
Sacramento, CA 95814
Phone: 916.321.4444
Fax:    916.441.7597
Email: tmouzes@boutinjones.com

Attorneys for Farm Credit Services of America, PCA, d/b/a AgDirect, in its own rights and/or in its representative capacity, if any, and/or as servicer

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### (FRESNO DIVISION)

| | |
|---|---|
| In re | Case No.: 2025-10074 |
| CAPITAL FARMS, INC. | Docket Control No. BJ-1 |
| Debtor. | Chapter 12 |
| | **MOTION FOR RELIEF FROM THE AUTOMATIC STAY: PERSONAL PROPERTY COLLATERAL; RECOVERY AND DISPOSITION OF PERSONAL PROPERTY COLLATERAL** |
| | Date: April 9, 2025<br>Time: 9:30 a.m.<br>Place: United States Bankruptcy Court<br>       Eastern District of California,<br>       Fresno Division<br>       2500 Tulare Street, Fifth Floor,<br>       Courtroom 11<br>       Department A<br>       Fresno, CA 93721<br>Judge: Honorable Jennifer E. Niemann |

MOTION FOR RELIEF FROM THE AUTOMATIC STAY
4914-4057-6550.7

**TO THE COURT, DEBTOR, TRUSTEE, ALL OTHER INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

Farm Credit Services of America, PCA, d/b/a AgDirect in its own rights and/or in its representative capacity, if any, and/or as servicer ("Farm Credit" or "Movant") moves the Court for an order terminating the automatic stay of 11 U.S.C. §§362 and 1201, if applicable, or should the Motion be denied, for adequate protection of its interests including pursuant to the provisions of Sections 361, 362 and 1205 of Title 11.

By the pending Motion, Farm Credit seeks relief from the automatic stay as to itself and its agents, designees, assignees, employees, attorneys, representatives and/or independent contractors against: (a) Debtor and Debtor in Possession CAPITAL FARMS, INC. (sometimes "Debtor"); (b) non-debtor GURMEJ SINGH GILL, if the co-debtor stay of 11 U.S.C. §1201(a) applies; (c) Chapter 12 Trustee Lilian G. Tsang ("Trustee"); (d) all Equipment, defined below, (the Korvan 3016XL Grape Harvester) including, without limitation, for the commencement, prosecution and completion of judicial and/or non-judicial proceedings, including foreclosure, pursuant to applicable law and/or the applicable agreements, and to obtain possession thereof, for turnover of the Equipment, and to exercise any and all rights and/or remedies available to Farm Credit under the applicable agreements and the applicable law, including the Commercial Code, and to fully enforce the security interest and lien against the Equipment, and to fully recover and dispose of the Equipment in accordance with the applicable documents and applicable law; (e) that this Court order Debtor to surrender all of the Equipment to Farm Credit; (f) for a waiver of the applicable stay; and (g) for such other relief that the Court determines is just and proper. This Motion is brought pursuant to Local Rules 4001-1 and 9014-1, the Federal Rules of Bankruptcy Procedure and the Bankruptcy Code.

In support of its Motion, Farm Credit is informed and believes and on that basis states as follows:

1. The Bankruptcy Court has jurisdiction over this proceeding pursuant to 11 U.S.C. §§105, 361, 362, and 1201 and 28 U.S.C. §§157 and 1334 and Federal Rules of Bankruptcy Procedure, Rule 9014 as a contested matter. This proceeding is a core proceeding pursuant to 28 U.S.C. §157(b).

2. Farm Credit is informed and believes and on that basis states that on or about

January 10, 2025, Debtor filed his voluntary petition for relief under Chapter 12 in the United States Bankruptcy Court for the Eastern District of California and that the current Chapter 12 Trustee is Lilian G. Tsang.

2. On or about December 11, 2023, Debtor and non-debtor Gurmej Singh Gill each made, executed and delivered that certain commercial Promissory Note and Loan Agreement in the principal amount of $56,100.00. A redacted copy of the Promissory Note and Loan Agreement is attached to the Declaration of Tracie Archer as **Exhibit 1**. Payments under the Promissory Note and Loan Agreement are annual payments of principal and interest and due on the first day of January beginning on January 1, 2025, and continuing thereafter until January 1, 2028.

3. As part of the same transaction, Debtor and non-debtor Gurmej Singh Gill each made executed and delivered the Security Agreement dated December 11, 2023, a redacted copy of which is attached as **Exhibit 2**, to the Declaration of Tracie Archer, granting a security interest in the following Equipment:

| Make | Model | Description | Serial No. |
| --- | --- | --- | --- |
| Korvan | 3016XL | Grape Harvester | 534-810-600015 |

4. Farm Credit perfected its security interest in the Equipment by filing a UCC-1 financing statement with the Secretary of State of California, Filing No. U230087939136, filed on December 14, 2023. A copy of the UCC filing and related documents are attached to the Declaration of Tracie Archer as **Exhibit 3**. At all times mentioned herein, Farm Credit has a perfected security interest and lien in the Equipment.

5. Debtor and non-debtor Gurmej Singh Gill each failed to make the first payment due Movant on January 1, 2025, under the applicable loan documents and the loan documents are in default. As of January 10, 2025, the unpaid principal totaled $56,100, accrued interest totaled $4,562.57 and late fees totaled 84.20, for a total of **$60,746.77**. Interest is currently at a fixed rate of 7.450%, per diem of $11.61.

6. Farm Credit is informed that Debtor no longer needs the Equipment collateral and is willing to surrender the Equipment to Movant for liquidation and disposition.

7. 11 U.S.C. §362(d) provides in part:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

….

8.   11 U.S.C. §1201 provides:

(a) Except as provided in subsections (b) and (c) of this section, after the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt, unless—

(1) such individual became liable on or secured such debt in the ordinary course of such individual's business; or

(2) the case is closed, dismissed, or converted to a case under chapter 7 of this title.

(b) A creditor may present a negotiable instrument, and may give notice of dishonor of such an instrument.

(c) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that—

(1) as between the debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor;

(2) the plan filed by the debtor proposes not to pay such claim; or

(3) such creditor's interest would be irreparably harmed by continuation of such stay.

…

9.   While Movant is informed and believes that co-debtor stay of 11 U.S.C. section 1201 does not apply as the commercial transaction is not a consumer debt, to the extent the co-debtor stay applies, Movant also seeks stay relief as to non-debtor Gurmej Singh Gill, who received consideration,

MOTION FOR RELIEF FROM THE AUTOMATIC STAY
4914-4057-6550.7

the Debtor does not need the grape harvester and intends to surrender the same to Movant and Movant would be irreparably harmed by continuation of the stay including against non-debtor Gurmej Singh Gill who to date has made no effort to pay Movant under the applicable loan documents.

10. This Court is well aware of the standards for stay relief and what constitutes cause for relief from the automatic stay including under Section 362 is fact driven, determined on a case-by-case basis. In re Kronemyer, 405 B.R. 915, 921 (9th Cir. BAP 2009). Cause for relief from the stay includes the failure to make payments. In re Delaney-Morin, 304 B.R. 365, 370, fn. 3 (9th Cir. BAP 2003) (lack of insurance); In re Novak, 103 B.R. 403, 411-412 (Bankr. E.D.N.Y. 1989) (failure to propose a Chapter 12 plan); In re Three Tuns, Inc., 35 B.R. 110, 111 (Bankr. E.D. Pa. 1983) (failure to make payments and to propose plan).

11. Farm Credit is informed and believes that cause exists to terminate the automatic stay including lack of adequate protection, for reasons including the failure of Debtor and non-debtor Gurmej Singh Gill to pay Farm Credit, and that Debtor no longer needs the grape harvester and is prepared to surrender the same to Farm Credit for liquidation and disposition. As part of the Motion, Farm Credit requests that this Court order Debtor to surrender all of the Equipment to Farm Credit.

12. If the Motion is denied, in whole or in part, Farm Credit requests adequate protection of its interest.

13. As part of the Motion, Farm Credit requests a waiver of the 14-day stay period provided by Federal Rules of Bankruptcy Procedure.

WHEREFORE, Farm Credit prays for an order terminating the stay of 11 U.S.C. §362 as to Farm Credit and its agents, designees, assignees, employees, attorneys, representatives and/or independent contractors against: (a) Debtor and Debtor in Possession CAPITAL FARMS, INC.; (b) non-debtor GURMEJ SINGH GILL, if the co-debtor stay of 11 U.S.C. §1201(a) applies; (c) Chapter 12 Trustee Lilian G. Tsang; (d) all Equipment, including the Korvan 3016XL Grape Harvester, including, without limitation, for the commencement, prosecution and completion of judicial and/or non-judicial proceedings, including foreclosure, pursuant to applicable law and/or the applicable agreements, and to obtain possession thereof, for turnover of the Equipment, and to exercise any and all rights and/or remedies available to Farm Credit under the applicable agreements and the

MOTION FOR RELIEF FROM THE AUTOMATIC STAY
4914-4057-6550.7

applicable law, including the Commercial Code, and to fully enforce the security interest and lien against the Equipment, and to fully recover and dispose of the Equipment in accordance with the applicable documents and applicable law; (e) that this Court order Debtor to surrender all of the Equipment to Farm Credit; and (f) for such other relief that the Court determines is just and proper.

Farm Credit also requests the waiver of the applicable stay. If the motion is denied, Farm Credit requests adequate protection of its interests.

Dated: March 14, 2025

BOUTIN JONES INC.
Attorneys at Law

By: _____/s/ Thomas G. Mouzes_____
       THOMAS G. MOUZES