4

FEAR WADDELL, P.C.
Peter L. Fear, No. 207238
pfear@fearlaw.com
Gabriel J. Waddell, No. 256289
gwaddell@fearlaw.com
Peter A. Sauer, No. 255957
psauer@fearlaw.com
7650 North Palm Avenue, Suite 101
Fresno, California 93711
(559) 436-6575
(559) 436-6580 (fax)

Attorney for Capital Farms, Inc.,
   Debtors

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| In re: | Case No. 25-10074-A-12 |
| CAPITAL FARMS, INC., | Chapter 12 |
| Debtor(s). | D.C. No. FW-12 |
| | Date: May 28, 2025<br>Time: 9:30 a.m.<br>Place: Dept. A, Courtroom 11, 5th Floor<br>      United States Courthouse<br>      2500 Tulare St., Fresno, California<br>Judge: Hon. Jennifer E. Niemann |

**DECLARATION OF SUKHWANT S. GILL IN SUPPORT OF DEBTOR'S MOTION TO CONFIRM CHAPTER 12 PLAN DATED APRIL 10, 2025**

I, SUKHWANT S. GILL, declare as follows:

1.     I am the president of Capital Farms, Inc., the Debtor in this Chapter 12 case ("Debtor"). I have personal knowledge of the following facts and would be competent to testify if called as a witness.

Declaration in Support of Motion to Confirm Chapter 12 Plan (etc.) - 1

2. Capital Farms, Inc., conducts farming operations and has done so for many years. Its primary source of income is monies received from its farming operations.

3. I have reviewed the Plan dated April 10, 2025, which provides for submission of the proceeds of the sales of crops and farming operations to the supervision and control of the trustee as is necessary for the funding of the Plan. As called for in the plan, Capital Farms will submit future income to the supervision and control of the Chapter 12 Trustee as is necessary for the execution of the plan.

4. The Plan further provides for allowed priority claims including administrative expenses such as fees owed to the Trustee and my attorney, which shall be paid before or at the time of each payment to creditors under the Plan.

5. The Plan also provides for equal treatment of claims in each class.

6. To the best of my knowledge, the Plan complies with the requirements of the Bankruptcy Code.

7. The Debtor owes no fees under Chapter 123 of Title 28 of the United States Code, and my Plan requires no fees to be paid prior to confirmation.

8. The Debtor has proposed the Plan in good faith, and have not proposed the Plan by any means forbidden by law.

9. I have not misrepresented any facts in the Plan on behalf of the Debtor, nor does the Debtor wish to manipulate the Bankruptcy Code.

10. The Debtor's plan provides that all secured and unsecured creditors will be paid in full from proceeds derived from the Debtor's farming operations. The Debtor will make annual payments to the Chapter 12 trustee as set forth in the Plan which will be used to pay the classes of claims in the Plan. This includes modified secured claims in Classes 2, 5, 6, 7, and 8,

and unmodified secured Claims in Classes 3 and 4. Class 11 priority claims and Class 12 general unsecured claims will also be paid in full, but after the higher priority claims have been paid.

11. Included herewith as Exhibit A is a liquidation analysis that shows the estimated value of Debtor's assets. As can be seen from this analysis, if Debtor were to be liquidated I do not believe that there would be any funds available for payment to unsecured creditors. The Plan provides that unsecured creditors will be paid in full. Consequently, the Plan is a far better option for unsecured creditors than liquidation.

12. Included herewith as Exhibit B is a budget that has been prepared by Scott Sackett, Debtor's Chief Restructuring Officer, in consultation with myself and our CPA. I believe this budget is a fair estimation of Debtor's anticipated future income and expenses. As can be seen in the budget, we are projecting a substantial increase in income in future years. This is primarily due to the fact that we have a significant number of almond trees that will be coming into full maturity (and therefore full production) over the next three years. Specifically, Sankey Ranch (238 acres), Baseline Ranch (157 acres), Natomas Ranch (160 acres), and part of Brawley Ranch (120 acres) will be coming into full production over the next few years. Our expenses will be significantly lower due to reduced costs for diesel fuel, fertilizer, and a smaller workforce. Also, we are no longer planting and developing new fields which in the past contributed to the increase in costs over the last few years which will also reduce the need to purchase new equipment to keep with increased land development. Lastly, we have seen a rebound in the commodity prices and are projected to stay at this increased level for the next few years which will have a significant impact on our income.

13. On Exhibit B, I have included the assumptions that we used to project the income estimates. These projections show the increases that we anticipate.

I declare under penalty of perjury that the foregoing statements are true and correct and that if called as a witness herein, I could and would competently testify thereto, and that this declaration was executed on 4-22-25, at Sacramento California.

_____
SUKHWANT S. GILL

Declaration In Support of Debtor's Motion to Confirm Chapter 12 Plan (etc.) - 4