[4]
LILIAN G. TSANG, SBN 260460
CHAPTER 12 STANDING TRUSTEE
P.O. BOX 3051
MODESTO, CALIFORNIA 95353-3051
Tel: (209) 576-1954
Fax: (209) 576-7984
Email: info@edca12.com

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

In re:

CAPITAL FARMS, INC.,

       Debtor and Debtor in Possession.

Case No.: 25-10074-A-12

CHAPTER 12

DC NO. FW-17

CHAPTER 12 TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 12 PLAN DATED JULY 29, 2025

DATE: September 4, 2025
TIME: 10:30 a.m.
PLACE: U.S. Bankruptcy Court
2500 Tulare St., 5th Floor
Courtroom 11, Dept. A
Fresno, California

JUDGE: Hon. Jennifer E. Niemann

    **LILIAN G. TSANG**, Chapter 12 Trustee in the above referenced matter, objects to confirmation of the Chapter 12 Plan filed on July 29, 2025 (Dkt. 253) and its accompanying Motion to Confirm Chapter 12 Plan (Dkt. 251) on the following grounds:

## I.

## FACTUAL BACKGROUND

    Capital Farms, Inc. has one sole shareholder, Gurmej Gill. (Dkt. 1:43.) Sukhwant ("Shawn") S. Gill is Gurmej Gill's brother and the appointed President of Capital Farms. Id. Sukhwant Gill appeared and testified as the Responsible Individual for the Debtor at the various Section 341 Meetings of Creditors. (Tsang Decl. ¶ 3.) According to Sukhwant Gill's testimony at the Meetings of

Creditors, he confirmed that Debtor made various payments and transfers to creditors within 90 days before filing this case as listed in the Statement of Financial Affairs. (Tsang Decl. ¶ 4.) At question 4 of the Statement of Financial Affairs, Debtor listed various payments and transfers that Debtor repaid to Gill family members for loans that Debtor owed pre-petition. Id.

The payments all appear to be preferential transfers Debtor made to insiders and family members right before filing bankruptcy:

$12,453.00 to Davinder Gill (Gurmej Gill's wife)

$7,795.98 to Sukhwant Singh Gill (Principal and President of Debtor)

$18,925.00 to Gurmej Gill (sole shareholder of Debtor)

$30,562.32 to Sukhwant Singh Gill (Principal and President of Debtor)

$4,823.61 to Davinder Gill (Gurmej Gill's wife)

**Total: $74,559.91**

(Dkt. 60:4.)

Additionally, Sukhwant Gill's testimony at the Meeting of Creditors confirmed and verified the substantial transfers and payments listed at question 13 in the Statement of Financial Affairs. (Tsang Decl. ¶ 4.) The most concerning are the following:

$98,500.00 to Sukhwant Singh Gill (Principal and President of Debtor)

$336,620.00 to Sutter Enterprises, LLC (Gurmej Gill's business)

$511,185.00 to Sutter Land, LLC (Gurmej Gill's business)

$766,157.16 to United Farm, LLC (Gurmej Gill's business)

**Total: $1,712,462.16**

(Dkt. 60:8-9.)

Debtor's proposed Chapter 12 Plan ("Plan") dated July 29, 2025 that proposes zero (0%) repayment to all Class 12 general unsecured claims. (Dkt. 253:8.) Currently, there is a total of $330,461.05 in general unsecured claims filed on the Claims Registry. If Debtor is successful in their motions to value the Class 2 claim of Willbur-Ellis Company ($338,992.89) and Class 5 claim of Tech Ag Financial Group, Inc. ($412,896.81), the total amount of Class 12 general unsecured claims will increase to **$1,082,350.75**, and they will be paid zero cents on the dollar through this Chapter 12 plan.

## II.

## **BASIS OF OBJECTION**

**1.    The plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is at least the amount that would be paid on such claim if the estate of the Debtor was liquidated under a Chapter 7 of this title on such date. [11 U.S.C. §1225(a)(4)]**

Debtor's Plan proposes to pay 0% distribution to Class 12 general unsecured creditors. (Dkt. 253:8.) It further alleges at Section V that the value of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of Debtor was liquidated under Chapter 7. (Dkt. 253:10.) The liquidation analysis filed as Exhibit A in support of the Plan fails to list any of the aforementioned preferential payments and transfers to insiders, family members, and businesses owned by the same insiders. (Dkt. 254.) Notably, Davinder Gill, Gurmej Gill, Sutter Enterprises, and United Farm did not file any proof of claims in this case, and Sutter Land, LLC and Sukhwant Singh Gill filed proof of claims with no amounts claimed. (See, POC nos.14-18.)

At the Meeting of Creditors conducted on February 14, 2025, Sukhwant Gill testified that Debtor borrowed funds from various Gill family members for its operations, and those payments and transfers listed under question 4 of the Statement of Financial Affairs were repayments to the Gill family members for payment towards their credit cards. (Tsang Decl. ¶ 5.)  These pre-petition debts owed to the Gill family members should have been treated the same as all other Class 12 general unsecured claims and not be given preferential treatment. These transfers are likely avoidable and recoverable by a Chapter 7 Trustee as preferential transfers to insiders. Therefore, Class 12 general unsecured creditors are likely to receive *some* distribution if this case was liquidated under Chapter 7.

As for the lengthy list of payments and transfers under question 13 (and attachment to SFA13) of the Statement of Financial Affairs, Sukhwant Gill testified that they were all "inter-company transfers".  (Tsang Decl. ¶ 7.)  The current schedules and record are inadequate to determine if all of the "inter-company transfers" can be recovered and prosecuted by a Chapter 7 Trustee, but over $1.7 million dollars of transfers cannot simply be ignored and omitted when considering whether Debtor's

1 Plan satisfies Section 1224(a)(4) for purposes of plan confirmation. Debtor has the burden to show that all of $1.7 million transfers were not preferential transfers to insiders and not recoverable by a Chapter 7 Trustee.

### III.

### **POINTS AND AUTHORITIES**

Pursuant to 11 U.S.C. §1225(a), the Court shall confirm a plan if the plan complies with the provisions of Chapter 12 and with other applicable provisions of this title. The Debtor bears the burden of proof to make that showing. Here, Debtors have failed to meet the hypothetical Chapter 7 liquidation analysis set forth in Section 1225(a)(4) by omitting the various avoidable preferential transfers and payments to insiders prior to the filing of this instant bankruptcy. General unsecured creditors can potentially receive more than the currently proposed 0% distribution, and therefore, confirmation of Debtor's proposed Chapter 12 plan should be denied.

**WHEREFORE**, the Trustee requests that the Trustee's objection to confirmation of the Debtor's Chapter 12 plan be sustained.

Dated: August 21, 2025                                    Respectfully submitted,

                                                          /s/ Lilian G. Tsang
                                                          Lilian G. Tsang, Chapter 12 Trustee