6

Michael J. Gomez (State Bar No. 251571)
  mgomez@frandzel.com
Gerrick M. Warrington (State Bar No. 294890)
  gwarrington@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Creditor
TECH AG FINANCIAL GROUP, INC.

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| In re<br><br>CAPITAL FARMS, INC.,<br><br>    Debtor. | Case No. 25-10074-A-12<br><br>Chapter 12<br><br>DCN: FW-17<br><br>**TECH AG FINANCIAL GROUP, INC.'S OBJECTION TO MOTION TO CONFIRM CHAPTER 12 PLAN DATED JULY 29, 2025**<br><br>Date: September 4, 2025<br>Time: 10:30 a.m.<br>Place: Dept. A, Courtroom 11<br>       5th Floor<br>       United States Courthouse<br>       510 19th Street, Bakersfield, CA<br><br>Hon. Jennifer E. Niemann |

Tech Ag Financial Group, Inc. ("Tech Ag") objects to the Motion to Approve Chapter 12 Plan Dated July 29, 2025 ("Motion to Approve Plan") (Dkt. No. 251) filed on April 23, 2025, in the instant case of Capital Farms., Inc. (the "Debtor"), seeking the approval of the Chapter 12 Plan dated July 29, 2025 ("Plan") (Dkt. No. 253).

## I. INTRODUCTION

The Plan is designed to benefit insider co-obligors. It is not being proposed in good faith. It is based wholly on a defective under-valuation of Tech Ag's collateral.

The Court should deny.

## II. ARGUMENT

### A. The Debtor hasn't met its burden.

The chapter 12 debtor bears the burden of proving that its proposed plan meets each of the requirements for confirmation as set out under section 1225(a). *In re Torelli*, 338 B.R. 390, 395 (Bankr. E.D. Ark. 2006) (citations omitted).

As analyzed below, it has not met its burden.

### B. The Plan hasn't been proposed in good faith.

Section 1225(a)(3) requires that the Chapter 12 plan be proposed in good faith and not by any means forbidden by law. 11 U.S.C. § 1225(a)(3). "In essence, the good faith requirement is a catch-all provision that allows the court to take an overall look at the use which the debtor has made of the chapter 12 filing. If the court determines that the debtor filed the case or filed the plan for a purpose other than a good faith attempt to reorganize the debtor's farming business, the court is empowered by § 1225(a)(3) to deny confirmation." 8 COLLIER ON BANKRUPTCY ¶ 1225.02[3], p. 1225–7 (15th ed. rev. 1999).

Here, the Plan is not being proposed in good faith. The Debtors are clearly attempting to benefit insiders. They are using the Plan as a means of essentially restructuring the debt of insider co-obligors on the Rabo Agrifinance LLC ("Rabo") debt. *See* Tech Ag's Opposition to Motion to Value. The Plan includes other debts to distract from this, including T M Duche Nut Co (who

withdrew its claim, see Dkt. 179) and Kubota who has also been paid.[1]

The Court should deny the Motion for this reason alone.

### C. The Plan Fails To Satisfy The Best Interests Of Creditors Test.

At a minimum, a chapter 12 plan must provide that "the value … of the property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7." 11 U.S.C. § 1225(a)(4).[2]

Here, the Plan is based on the Motion to Value, which purports that Tech Ag's claim is wholly undersecured and therefore unsecured under § 506(a). For the reasons stated in Tech Ag's Opposition to Motion to Value, that assertion is incorrect. Tech Ag is fully secured based on valuations of its collateral. Accordingly, the Plan fails the best interests test because Tech Ag would be paid in full in a chapter 7 liquidation.

### D. The Plan doesn't provide Tech Ag with the present value of its secured claim.

Section 1225(a)(5) provides that if a secured claimholder does not accept the plan under section 1225(a)(5)(A), the debtor must either provide for the creditor's retention of its lien and pay the present value of the claim pursuant to section 1225(a)(5)(B) or surrender the property in accordance with section 1225(a)(5)(C). The Plan doesn't provide any such treatment for Tech Ag at all in violation of § 1225(a)(5).

### E. The Plan doesn't provide adequate protection to Tech Ag.

Courts have interpreted §§ 1225(a)(5) and (a)(6) to implicitly require post-confirmation adequate protection. *See In re Adam*, 92 B.R. 732, 735 (Bankr. E.D. Mich. 1988) ("The requirement of adequate protection can also be implied from the penumbra of two subsections, § 1225(a)(5) and (6), read together.").

---

[1] Kubota filed a termination statement for its UCC-1 on June 5, 2025. File No. U250148017427. On information and belief, Duche has had its pre-petition claim paid in full. Discovery is underway.

[2] In addition to the claims for contribution and reimbursement, the Debtor must also evaluate its own avoidance actions.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1   Here, the Plan proposes to pay Tech Ag <u>nothing</u> based on its erroneous assumption that
2   Tech Ag is completely undersecured and therefore unsecured under § 506(a). That assertion is
3   bogus. *See* Tech Ag's Opposition to Motion to Value.

4   This proposed treatment is premised on the Court granting the Debtor's Motion to Value
5   Collateral (Dkt. 263). But the Motion to Value is, itself, fatally defective. Tech Ag incorporates by
6   references its concurrently-filed Opposition to the Motoin to Value and restates those same
7   objections herein in opposition to the Plan.

8   **F.   A Non-Debtor Cannot Use Chapter 12 to Restructure Debt.**

9   "[A] discharge in a Chapter 12 bankruptcy does not discharge co-debtors if the
10  reorganization plan does not address co-debtor liability. *See* 11 U.S.C. § 524(e) ('Except as
11  provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the
12  liability of any other entity on, or the property of any other entity for, such debt.')" *Lazy D
13  Diamond Ranch, Inc. v. U.S. Dep't of Agric.,* 4 F. App'x 418, 419 (9th Cir. 2001) (internal citations
14  omitted).

15  Here, the non-debtor obligors may not use the Debtor's chapter 12 to restructure their debt.
16  All of the co-obligors on the Rabo debt therefore (whether they be co-borrowers or guarantors)
17  may not take on the benefits of chapter 12 without filing their own bankruptcy cases. Thus, those
18  co-debtors are not entitled to the benefits of any restructuring via the plan.

19  **G.   The Plan does not address Tech Ag's nondischargeability claims.**

20  Section 1228(a)(2) provides that "the court shall grant the debtor a discharge of all debts
21  provided for by the plan ... except any debt ... of a kind specified in section 523(a) of this title." 11
22  U.S.C. § 1228(a)(2).

23  Here, the Plan fails to disclose or "deal with" Tech Ag's nondischargeability claims
24  against the Debtor. The Debtor may not discharge Tech Ag's claims. In fact, the Plan purports to
25  discharge Tech Ag's claim entirely—without paying a dime to Tech Ag. But the Plan fails to deal
26  with Tech Ag's nondischargeability claims against the Debtor. Indeed, as set forth in the
27  testimony given at the Debtor's March 10, 2025, meeting of creditors, the Debtor lied to Tech Ag
28  in a personal financial statement. *See* Declaration of Michael J. Gomez in Support of Opposition

to Motion to Value, Exh. 1. March 10, 2025, Transcript at 14:2–17:16 (reflecting testimony of the Debtor's principals concerning the falsity of their debt listed in connection with their providing a financial statement to Tech Ag to get the loan).

Because the Plan purports to discharge this debt, it must disclose what happens if the debt is not discharged based on Tech Ag's nondischargeability claims against the Debtor.

### H. If and to the extent that Tech Ag is determined to be unsecured, then the Debtor must commit all disposable income, which it has not done.

Once the chapter 12 trustee or an unsecured creditor object to confirmation, the plan cannot be approved unless either: (1) the value of the property distributed under the plan on account of the claim is not less than the amount of the claim; (2) the plan provides for all of the debtor's projected disposable income to make payments under the plan; or (3) the value of the property distributed under the plan is not less than the debtor's projected disposable income. 11 U.S.C. § 1225(b)(1).

Here, to the extent Tech Ag is undersecured or unsecured, which Tech Ag presently contests based on the Debtor's own valuations, the Plan must show that the Debtor is complying with § 1225(b). For example, the Debtor would have to commit all of its disposable income. But, the plan projections don't show that. Further, as indicated above and in Tech Ag's opposition to the Motion to Value, the Debtor's liquidation analysis is wildly off. It has no relevance whatsoever for the reasons set forth in the opposition. Thus, there is very likely value for unsecured creditors in this case. The Plan does not account for such value whatsoever. Accordingly, the Plan fails § 1225(b).

### I. The Plan fails § 1225(a)(1).

The primary requirement to confirming any chapter 12 plan is that the plan complies with chapter 12 and with other applicable provisions of the Bankruptcy Code. 11 U.S.C. § 1225(a)(1).

Here, the Plan fails this test because the Debtor has fiduciary duties under § 1203 and must pursue claims for reimbursement and contribution as well as any avoidance actions, which it does not disclose.

## III. CONCLUSION

Based on the foregoing, the Motion to Approve Plan must be denied.

DATED: August 21, 2025               FRANDZEL ROBINS BLOOM & CSATO, L.C.


                                     By: /s/ Michael J. Gomez
                                         MICHAEL J. GOMEZ
                                         Attorneys for
                                         TECH AG FINANCIAL GROUP, INC.